FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER R. BARCLAY, Chapter 7
Trustee,

                Appellant-Petitioner,

v.

DEJAN BOSKOSKI,

                Appellee-Respondent.

No.    22-55098

D.C. Nos.   3:21-bk-3358
              21-03358-CL7

OPINION

Appeal from the United States Bankruptcy Court
for the Southern District of California
Christopher B. Latham, Bankruptcy Judge, Presiding

Argued and Submitted September 23, 2022
Pasadena, California

Before:  Sandra S. Ikuta, Danielle J. Forrest, and Holly A. Thomas, Circuit Judges.

Opinion by Judge H.A. Thomas

# SUMMARY[*]

## Bankruptcy

The panel affirmed the bankruptcy court's judgment in favor of Dejan Boskoski and against the Chapter 7 Trustee in a case in which Boskoski sought to avoid a judgment lien recorded in 2014 against his California home.

The panel was called upon to decide how the Bankruptcy Code's procedure for avoiding judgment liens that "impair[] an exemption to which the debtor would have been entitled," 11 U.S.C. § 522(f)(1), interacts with California's homestead exemption, which allows a debtor to claim a limited exemption in bankruptcy in connection with his primary residence. The issue gained complexity here because the amount of California's homestead exemption increased significantly between the time the lien on Boskoski's home was recorded in 2014 and the time he filed for bankruptcy in 2021. Under California law, the exemption Boskoski could claim would be fixed at the 2014 amount. Boskoski argued that the Bankruptcy Code requires looking to the exemption he could have claimed, but for the lien, at the time he filed his bankruptcy petition.

The panel agreed with Boskoski. The panel held that in deciding whether a judgment lien impairs a debtor's California homestead exemption, the Bankruptcy Code requires courts to determine the amount of the exemption to which the debtor would have been entitled in the absence of the lien at issue. In this case, that means the court applies the state exemption law in effect on the filing date of the bankruptcy petition, rather than on the creation date of the lien. Following this principle, the bankruptcy court correctly applied the $600,000 homestead exemption available in 2021, which, consequently, allowed Boskoski to avoid the entirety of the judgment lien placed on his home.

## COUNSEL

Jesse S. Finlayson (argued) and Scott B. Lieberman, Finlayson Toffer Roosevelt and Lilly LLP, Irvine, California, for Appellant-Petitioner.

Ahren A. Tiller (argued), BLC Law Center APC, San Diego, California, for Appellee-Respondent.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

H.A. THOMAS, Circuit Judge:

This appeal arises from Appellee-Respondent Dejan Boskoski's efforts to avoid, in bankruptcy, a judgment lien recorded in 2014 against his Carlsbad, California home. We are called upon to decide how the Bankruptcy Code's procedure for avoiding judgment liens that "impair[] an exemption to which the debtor would have been entitled," 11 U.S.C. § 522(f)(1), interacts with California's homestead exemption, which allows a debtor to claim a limited exemption in bankruptcy in connection with his primary residence, Cal. Civ. Proc. Code § 704.730. The issue gains complexity here because the amount of California's homestead exemption increased significantly between the time the lien on Boskoski's home was recorded in 2014 and the time he filed for bankruptcy in 2021. Under California law, the exemption Boskoski could claim would be fixed at the 2014 amount. *See* Cal. Civ. Proc. Code § 703.050(a). But Boskoski argues that the Bankruptcy Code requires us to look to the exemption he could have claimed, but for the lien, at the time he filed his bankruptcy petition.

We agree with Boskoski. We hold that in deciding whether a judgment lien impairs a debtor's California homestead exemption, the Bankruptcy Code requires courts to determine the amount of the exemption to which the debtor would have been entitled in the absence of the lien at issue. In this case, that means we apply the state exemption law in effect on the filing date of the bankruptcy petition,

2

rather than on the creation date of the lien. Following this principle, the bankruptcy court correctly applied the $600,000 homestead exemption available in 2021, which, consequently, allowed Boskoski to avoid the entirety of the judgment lien placed on his home. We affirm the bankruptcy court's decision.

**I.**

In 2014, Greek Village, LLC, Konstantinos Manassakis, and Aimilia Manassakis recorded a $256,075.95 judgment lien (Greek Village lien) against Dejan Boskoski's Carlsbad, California home. Seven years later, in August 2021, Boskoski filed for bankruptcy. Appellant-Petitioner Christopher Barclay was appointed as the Chapter 7 bankruptcy trustee.

During a Chapter 7 bankruptcy, an estate is created to satisfy creditors' claims. *See Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1198 (9th Cir. 2012). The bankruptcy estate consists of "all legal or equitable interests of the debtor in property" at the time the bankruptcy petition is filed. *Id.* (citing 11 U.S.C. § 541(a)(1)). Boskoski's Carlsbad home was among the property included in his Chapter 7 estate. *See* 11 U.S.C. § 541(a)(1).

The Bankruptcy Code, however, allows debtors to exclude certain property from their bankruptcy estates using various exemptions. *See In re Jacobson*, 676 F.3d at 1198. While a default list of exemptions is provided in the Bankruptcy Code, states may opt out and define their own. 11 U.S.C. § 522(b)(2), (b)(3)(A),

3

(d). "If a State opts out, then its debtors are limited to the exemptions provided by state law." *Owen v. Owen*, 500 U.S. 305, 308 (1991). The exemptions available to the debtor are fixed as of the filing date of the bankruptcy petition. *See White v. Stump*, 266 U.S. 310, 313 (1924) (describing the "snapshot rule").

California is an opt-out state. Cal. Civ. Proc. Code §§ 703.010(a), 703.130. Among the exemptions it allows bankruptcy petitioners to claim is the homestead exemption, which permits debtors to exempt their "principal dwelling" or "homestead" from the bankruptcy estate. *Id.* §§ 704.710(c), 704.720(a).

California does not calculate the amount of the homestead exemption with reference to the value of the specific property at issue. Instead, California law prescribes a set exemption amount based on characteristics of the property and the homeowner. In 2014, at the time the Greek Village lien was recorded against Boskoski's home, the maximum homestead exemption was $75,000 for a single debtor, $100,000 for a married debtor, and $175,000 for certain classes of debtors not relevant here. Cal. Civ. Proc. Code § 704.730 (2013). By the time Boskoski filed for bankruptcy in 2021, however, California had amended its laws to set the homestead exemption at the greater of (1) the "median sale price for a single-family home" in the debtor's county the year before the debtor claims the exemption, "not to exceed" $600,000; or (2) $300,000. *See* Cal. Civ. Proc. Code § 704.730(a) (2021).

4

## II.

This appeal centers around the Bankruptcy Code's lien avoidance procedure. The Code allows a debtor to avoid a lien "to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1). Section 522(f) sets forth a test for determining when a lien impairs an exemption: a lien may be avoided when "the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property" is greater than "the value that the debtor's interest in the property would have in the absence of any liens." *Id.* § 522(f)(2)(A).

During the pendency of his bankruptcy, Boskoski claimed a $600,000 homestead exemption for his Carlsbad home and moved to avoid the Greek Village lien. At the time, Boskoski valued the Carlsbad home at $1,085,750. In addition to the Greek Village lien, then worth $477,926.82 (including accrued interest), the home was also subject to two deeds of trust worth $551,720.47.[1] Taken together, the value of the two deeds of trust, the Greek Village lien, and the $600,000 homestead exemption totaled $1,629,647.20, an amount $543,897.20 in excess of Boskoski's interest in the home. Because this was also more than the $477,926.82

---

[1] While the parties and the bankruptcy court offered varying valuations and calculations during the pendency of this dispute, the bankruptcy court's ultimate calculations are not in dispute. We therefore adopt the valuations used in its decision.

value of the Greek Village lien, Boskoski argued that Section 522(f) of the Bankruptcy Code allowed him to avoid the lien in its entirety.

Barclay opposed, arguing that Boskoski was entitled to only the $100,000 homestead exemption available under California law in 2014, when the lien was recorded. He found support for this position in California Code of Civil Procedure Section 703.050(a), which states that "the amount of an exemption shall be made by application of the exemption statutes in effect . . . at the time the judgment creditor's lien on the property was created." Under Barclay's calculations, the sum of the homestead exemption, the deeds of trust, and the Greek Village lien would have been $1,129,647.20, only $43,897.20 more than Boskoski's $1,085,750 interest in the house. Thus, in Barclay's view, Boskoski could avoid only $43,897.20 of the Greek Village lien under Section 522(f).

The bankruptcy court sided with Boskoski. It held that Section 522(f) required the court to apply the $600,000 homestead exemption available in 2021, when the bankruptcy petition was filed, and that Boskoski could therefore avoid the entire Greek Village lien. Stating that its decision was "a close call on an important question," the court certified a direct appeal to our court. We agreed to accept the appeal.

We have jurisdiction under 28 U.S.C. Section 158(d)(2)(A)(i). We review de novo the bankruptcy court's conclusions of law, including whether to grant an

6

exemption. *See Klein v. Anderson (In re Anderson)*, 988 F.3d 1211, 1213 (9th Cir. 2021) (per curiam).

## III.

The dispute in this case hinges upon the meaning of 11 U.S.C. Section 522(f), which provides that a debtor may avoid a judgment lien to the extent that the lien "impairs an exemption to which the debtor *would have been entitled*." (emphasis added). In examining this provision in *Owen*, the Supreme Court explained that Section 522(f) requires courts to determine the exemption to which the debtor would have been entitled but for the existence of the judicial lien at issue. 500 U.S. at 310–11. We conclude that *Owen* controls the outcome here.

In *Owen*, a Florida debtor sought to use Section 522(f) to avoid a judgment lien attached to his Florida condominium. *Id*. at 306–07. The judgment had been obtained against the debtor before the purchase of the condo, and, by operation of Florida law, it attached to the property at the time of the transaction. *Id.* Florida law provided that the state's homestead exemption did not apply in cases such as the debtor's, where the judgment lien predated the purchase of the homestead and attached before the property acquired its homestead status. *Id*. at 307. The judgment creditor argued that the lien therefore did not impair an exemption to which the debtor would have been entitled, so Section 522(f) did not apply. *Id.* at 309.

7

The Supreme Court disagreed. Section 522(f), it observed, "establishes as the baseline, against which impairment is to be measured, not an exemption to which the debtor '*is* entitled,' but one to which he '*would have been* entitled.'" *Id*. at 311 (quoting 11 U.S.C. § 522(f)). It explained that the phrase "would have been entitled" connotes "a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality." *Id*. Thus, a court applying Section 522(f) must "ask not whether [a] lien impairs an exemption to which the debtor is in fact entitled," but instead "whether it impairs an exemption to which he *would have been* entitled . . . *but for the lien itself*." *Id.* at 310–11 (second emphasis added). "Florida's exclusion of certain liens from the scope of its homestead protection," the Court concluded, "d[id] not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision." *Id*. at 313–14.

## IV.

*Owen* resolves the matter before us. In accordance with *Owen*, we must determine not the exemption to which Boskoski is in fact entitled, but that to which he *would have been* entitled in the absence of any judgment liens upon his Carlsbad home. *See id.* at 310–11. At the date of Boskoski's bankruptcy filing, and in the absence of the Greek Village lien, Boskoski would have been entitled to claim a $600,000 homestead exemption. Cal. Civ. Proc. Code § 704.730 (2021);

8

*see also supra* at 4 ("snapshot rule"). Per *Owen*, that is the exemption we are required to use in determining whether Boskoski can avoid the Greek Village lien.

Barclay reads *Owen* differently. He describes *Owen*'s holding as "referring primarily to the arithmetic calculation" called for by Section 522(f) and urges us to instead follow the "entire state law" rule set forth in our decision in *In re Jacobson*, 676 F.3d at 1199. This rule, according to Barclay, requires us to apply all limitations that a state places on its exemptions when conducting the Bankruptcy Code's lien avoidance calculation—including California's limitations on the application of its homestead exemption.

We disagree. It is true that, in *In re Jacobson*, we held that bankruptcy exemptions "must be determined in accordance with the state law applicable on the date of filing," and that "it is the *entire* state law applicable on the filing date that is determinative of whether an exemption applies." *Id*. at 1199 (cleaned up). But *Owen* tells us that the Bankruptcy Code's policy of permitting state-defined exemptions is not "absolute." 500 U.S. at 313. Instead, it must be applied "along with whatever other competing or limiting policies the [Bankruptcy Code] contains." *Id.*; *see also id.* (stating that it is "plainly not true" that courts must take state-law exemptions "with all their built-in limitations"). Anticipating the issue we address today, the Court held that "it is not inconsistent" for the Code to allow states to define their own exemptions but "to have a policy disfavoring the

9

impingement of certain types of liens upon exemptions, whether federal- or state-created."[2] *Id*.

*In re Jacobson* addressed a different question: whether certain funds belonged to a Chapter 7 estate. 676 F.3d at 1196. Nothing in the case concerned the lien avoidance procedures at issue here. *Owen*, not *In re Jacobson*, is therefore the relevant precedent.

Under *Owen*, we must look to the amount of the homestead exemption that Boskoski could have claimed if, as Section 522(f) commands, the Greek Village lien against his property is disregarded. *See* 500 U.S. at 310–11. Doing so, we arrive exactly where the bankruptcy court did: because the combined value of the $477,926.82 Greek Village lien, the $600,000 homestead exemption available at the date of Boskoski's bankruptcy petition, and the two deeds of trust amounts to $543,897.20 more than Boskoski's $1,085,750 interest in his Carlsbad home, the lien "impairs an exemption to which [Boskoski] would have been entitled." 11 U.S.C. § 522(f)(1). It may therefore be avoided in its entirety.

---

[2] The Ninth Circuit Bankruptcy Appellate Panel has similarly interpreted *Owen* in the context of a dispute regarding the exemption of monies held in a retirement fund, holding that "[t]o the extent th[at] California exemption law attempts to establish a procedure that overrides the well-settled bankruptcy law regarding the date for determining an exemption, it is preempted." *Cisneros v. Kim (In re Kim)*, 257 B.R. 680, 687 & n.11 (9th Cir. B.A.P. 2000), *aff'd* 35 F. App'x 592 (9th Cir. 2002).

\*     \*     \*

The bankruptcy court correctly applied Section 522(f) to determine the homestead exemption available to Boskoski. Its judgment is in all respects

**AFFIRMED.**

11